IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION
CIVIL ACTION NO.: 5:18-3158-JMC-PJG

| | |
|---|---|
| Michael Addison,<br><br>          Plaintiffs,<br><br>v.<br><br>Amica Insurance Company<br><br>          Defendant. | **MOTION FOR RELIEF FROM<br>ORDER TO MEDIATE** |

NOW COMES Defendant Amica Mutual Insurance Company (hereinafter "Amica"), and respectfully requests the Court to relieve the parties of any obligation to mediate, and in support thereof states as follows:

**BACKGROUND AND ARGUMENT**

This case arises out of a dispute over the amount of property damage that may be covered under the Amica policy. The *pro se* Plaintiff claims that he and another person — Helaine Hayes — should be entitled to recover more than $75,000.00 in additional coverage under the insurance policy issued by Amica. Helaine Hayes is the named insured under the policy. However, Helaine Hayes is NOT a party to this civil action.

In this civil action, the Plaintiff has asked this Court to appoint an umpire pursuant to the appraisal provision of the Amica policy, so that the umpire can be involved in the process of making a determination relating to the amount of the claimed loss. Under the terms of the policy, only an insured or Amica can seek to invoke the appraisal provision of the Amica policy.

From the beginning of this civil action, Amica has taken the position that the Plaintiff is not the real party in interest and does not have standing to bring this action because he was NOT

an insured under the policy when the loss occurred. [See, e.g., ECF No. 4: Motion to Dismiss]. Also, the Plaintiff — because he was not an insured at the time of the loss — cannot validly invoke the appraisal provision of the Amica policy in an attempt to have an umpire appointed. Ms. Hayes — not the Plaintiff — is the person who can seek to ask the Court to appoint an umpire.

The mediation deadline in this case is May 20, 2019. Any mediation in the civil action would require Amica to negotiate with a person — Plaintiff Addison — who has no legal capacity to make decisions regarding disputes pertinent to the policy and the pending insurance claim. Any decisions made between Amica and the Plaintiff at a mediation would not be binding on Ms. Hayes because she is not a party to this action. Convening a mediation between the Plaintiff and Amica would be a futile exercise because the Plaintiff is not a real party in interest and cannot bind the named insured – Helaine Hayes.

WHEREFORE, Defendant Amica Mutual Insurance Company respectfully requests that it be relieved of any obligation to mediate with the Plaintiff and for any other relief the Court deems appropriate.[1]

MURPHY & GRANTLAND, P.A.

*s/Jeffrey C. Kull*
Jeffrey C. Kull (Fed ID 07864)
PO Box 6648
Columbia, SC  29260
Phone:  803-782-4100
Fax:  803-782-4140
Email:  jkull@murphygrantland.com
Attorneys for Defendant Amica Mutual Insurance Company

---

[1] Pursuant to Local Rule 7.04, the Defendant states that a full explanation of the grounds for this motion are included herein so no separate memorandum will be filed.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION
CIVIL ACTION NO.: 5:18-3158-JMC-PJG**

| | |
|---|---|
| Michael Addison, <br><br> Plaintiffs, <br><br> v. <br><br> Amica Insurance Company <br><br> Defendant. | **CERTIFICATE OF SERVICE** |

I hereby certify that on April 15, 2019, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the pro se Plaintiff by U.S. Mail.

        MURPHY & GRANTLAND, P.A.

        *s/Jeffrey C. Kull*
        Jeffrey C. Kull (Fed ID 07864)
        PO Box 6648
        Columbia, SC  29260
        Phone:  803-782-4100
        Fax:  803-782-4140
        Email:  jkull@murphygrantland.com
        Attorneys for Defendant Amica Insurance Company