IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Michael Addison, | ) | C/A No. 5:18-3158-JMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND** |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Amica Mutual Insurance Company, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff, Michael Addison, proceeding *pro se*, filed an action in state court seeking to have an "umpire" appointed by the court pursuant to an insurance contract to resolve an appraisal dispute. Defendant Amica Mutual Insurance Company[1] removed the case to this court based on diversity of citizenship. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on Defendant's motion to dismiss. (ECF No. 4.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Defendant's motion. (ECF No. 9.) Plaintiff responded by filing various motions which also partly addressed the motion to dismiss (ECF No. 21), to which Defendant responded (ECF No. 24), and Plaintiff replied (ECF No. 26). Having carefully considered the parties' submissions and the applicable law, the court finds dismissal should be granted for failure to effect service of process.

---

[1] The state complaint identifies the Defendant as "Amica Insurance Company," but Defendant has advised the court that the proper name is "Amica Mutual Insurance Company." (See ECF No. 24 at 1.)

# BACKGROUND

The following allegations are taken as true for the purposes of resolving Defendant's motion to dismiss. On October 22, 2018, Plaintiff filed an action against Defendant in the Orangeburg County Court of Common Pleas seeking to have an umpire appointed by the court to resolve an insurance appraisal dispute. (ECF No. 1-1.) Plaintiff emailed a copy of his state court filings to multiple people associated with Defendant on October 23, 2018. (ECF No. 4-3.) As stated above, on November 21, 2018, Defendant removed the case to this court on the basis of diversity of citizenship. (ECF No. 1.) Also, on November 21, 2018, Defendant filed a motion to dismiss, arguing, in part, that the Complaint should be dismissed because Plaintiff had not properly served Defendant. (ECF No. 4 at 2-3.) In its motion, Defendant noted that "[u]nder South Carolina law, service of a summons and complaint on an insurance carrier is governed by statute. Pursuant to South Carolina Code § 15-9-270, the summons in an action against an insurance carrier must be served on the Director of the South Carolina Department of Insurance." (Id.)

On December 26, 2018, Plaintiff filed a document making a number of motions and also partially addressing Defendant's motion to dismiss, but Plaintiff did not address his failure to properly serve Defendant. (See ECF No. 21.) Defendant noted as much in its reply. (ECF No. 24 at 1.)

On January 7, 2019, the South Carolina Department of Insurance sent a letter to Plaintiff advising him that the Director of Insurance had received the state court petition from Plaintiff but

that the Director "cannot accept service of those documents as submitted . . . ."[2] (ECF No. 26-2 at 1.) Thus, the documents were returned to Plaintiff. (Id.) On January 18, 2019, Plaintiff advised the court that his attempt to serve Defendant through the Department of Insurance had been unsuccessful, asserting "SCDOI indicated that they DO NOT accept such petitions, and they returned the petition to Addison with a letter indicating why they do not accept such filings." (ECF No. 26 at 3.)

On February 19, 2019, Plaintiff filed a motion to strike the motion to dismiss. (ECF No. 36.) The motion addressed an alternative basis for dismissal raised in Defendant's initial motion—that Plaintiff potentially lacked standing to bring the case. In response to Plaintiff's motion to strike, Defendant argued that Plaintiff's motion was an attempt to further argue the motion to dismiss when briefing had been closed. (ECF No. 40 at 3.) Defendant further asserted that the letter from the Department of Insurance "speaks for itself. It states that the Director of Insurance could not accept service of the Plaintiff's documents as submitted because he can only accept service of process. In other words, the Petitioner has failed to properly serve process on the Director and Amica." (ECF No. 40 at 3.)

---

[2] The letter further explained, "[t]he Director can only accept service of 'process.' " (ECF No. 26-2 at 1) (quoting Equilease v. Weathers, 275 S.C. 478, 272 S.E.2d 789 (1980)). The letter did not specifically identify how Plaintiff's attempted service was deficient, but the court notes that Plaintiff did not include a summons along with his other documentation.

**DISCUSSION**

**A.     Applicable Standards**

A defendant may challenge the sufficiency of service of process and seek dismissal of the case under Rule 12(b)(5) of the Federal Rules of Civil Procedure. Failure to properly serve the summons and complaint deprvies the court of personal jurisdiction over a defendant. See Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998); see also Fed. R. Civ. P. 12(b)(2).

Although a civil action is commenced by filing a complaint with the court, the Federal Rules of Civil Procedure require that service on the defendants be effected within 90 days after the complaint is filed. See Fed. R. Civ. P. 3, 4(m). If a defendant is not served within the requisite time period, "the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If the plaintiff shows good cause for the failure to serve, the court must extend the time for service for an appropriate period. Id.

**B.     Defendant's Motion to Dismiss**

In the motion to dismiss, Defendant asserts two bases for dismissal—failure to properly serve and lack of standing.

**1.     Failure to Serve Defendant**

As outlined above, Plaintiff failed to properly serve Defendant prior to removal; however, he had time to remedy that deficiency once the case was removed. Federal statute 28 U.S.C. § 1448 provides that "[i]n all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process . . ., such process or service may be completed . . . in the same manner as in cases originally filed in such district court." Federal courts have interpreted this statute to allow a plaintiff the entire time for service as calculated

*PJG*

from the date of removal, rather than from the date the complaint was filed in state court. See Medlen v. Estate of Meyers, 273 F. App'x 464, 470 (6th Cir. 2008) ("This Rule has been interpreted to give plaintiffs in removed cases 120 days after the date of removal to complete service." (citations omitted); Hearn v. Lancaster Cty., C/A No. 9:11-1074-MBS-BM, 2011 WL 3296200, at *2 (D.S.C. July 7, 2011) ("[O]nce the case was removed to federal court on May 4, 2011, Plaintiff's 120 day period for effecting service of process on the Defendants began anew.").[3] Thus, to comply with the Rules, Plaintiff was required to serve the Defendant on or before Tuesday, February 19, 2019. Nevertheless, based on the information presented to the court, Plaintiff failed to properly serve Defendant within that time period.

> Regarding service of process, Federal Rule of Civil Procedure 4(m) provides as follows:
>
> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Despite the plain language of Rule 4(m), the Fourth Circuit rejects the notion that a district court has discretion to extend the time to serve even without a showing of good cause. In Mendez v. Elliott, 45 F.3d 75, 79 (4th Cir. 1995), the United States Court of Appeals for the Fourth Circuit held that a case *must* be dismissed when the plaintiff fails to effect service within the designated time period absent a showing of good cause. While there has been great debate in this

---

[3] Although 4(m) previously allowed 120 days for service, it has since been amended to allow 90 days for service. See Fed. R. Civ. P. 4(m).



circuit questioning the soundness of Mendez,[4] absent a controlling holding by the United States Supreme Court, this court is constrained to follow the precedent of this circuit until the Fourth Circuit overturns it. See, e.g., United States v. Collins, 415 F.3d 304, 311 (4th Cir. 2005) ("A decision of a panel of this court becomes the law of the circuit and is binding on other panels unless it is overruled by a subsequent en banc opinion of this court or a superseding contrary decision of the Supreme Court.") (internal quotation and citation omitted). Consequently, the court cannot avail itself the option that appears to be offered by Rule 4(m)—that is, directing Plaintiff to effect service by a certain time—unless good cause is shown for the failure to timely serve Defendant.

Courts are divided as to the meaning of "good cause" for failure to timely serve process. Good cause may be, but is not automatically, found when the plaintiff's failure to complete service

---

[4] The Mendez decision was issued after a 1993 amendment to the rules of procedure. Following the 2015 amendment to Rule 4(m), some "district courts in this Circuit have determined that 'Mendez is no longer the controlling authority in the Fourth Circuit because, contrary to former Rule 4(j), Rule 4(m) no longer requires a court to dismiss a complaint absent a showing of good cause.'" Escalante v. Tobar Constr., Inc., Civil Action No. 8:18-cv-00980-PX, 2019 WL 109369, at *4 (D. Md. Jan. 3, 2019) (quoting Robertson v. Beacon Sales Acquisition, No. GJH-16-3241, 2018 WL 2464455, at *3 n.7 (D. Md. May 31, 2018)); see also Whetstone v. Mayor & City Council of Baltimore City, 2019 WL 1200555, at *7 (D.Md. Mar. 13, 2019) ("I have previously concluded in other cases that a plaintiff must show good cause to warrant an extension of the Rule 4(m) deadline. Nevertheless, I now reconsider this conclusion in light of [Escalante], and conclude that it is within the Court's discretion to extend plaintiff's time to serve under Rule 4(m).") (internal citations omitted); Robinson v. GDC, Inc., 193 F. Supp. 3d 577, 582 (E.D.Va. 2016) ("[W]hether Mendez remains good law in the Fourth Circuit is a debate that has raged since well before the 2015 Amendment to Rule 4(m). But at long last, with the promulgation of the 2015 Amendment to Rule 4(m), the matter can be laid to rest: Mendez is no longer controlling authority in this circuit.") (internal citations omitted). Based on a comparison of the pre-amendment language to that of the current version of Rule 4(m), this court disagrees that the 2015 amendment (as opposed to the 1993 amendment) substantively altered the Rule's application with regard to extensions for good cause. The 2015 amendment shortened the time to effect service from 120 to 90 days, but the other changes to the text appear to be stylistic. The language allowing the court to direct *sua sponte* that service be made within a specified time appears substantively the same as the 1993 version addressed in Mendez.

Page 6 of 11

PJG

in a timely fashion is a result of the conduct of a third person, the defendant has evaded service of the process or engaged in misleading conduct, or the plaintiff is proceeding *pro se* or *in forma pauperis*. 4B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1137 (3d ed. 2018). In determining whether good cause has been shown, courts have also considered whether the plaintiff diligently attempted to effect service and pursue his rights. See id.; Anderson v. City of Rock Hill, C/A No. 0:04-22892-CMC-BM, 2005 WL 3968035, at *2 (stating that the failure of the plaintiff to timely accomplish in four months what he ultimately accomplished in one day, albeit post-deadline, militated against a finding of good cause). However, courts have held that mere inadvertence, ignorance of the federal rules, and attorney neglect do not constitute good cause. See, e.g., Vincent v. Reynolds Mem. Hosp., Inc., 141 F.R.D. 436, 437 (N.D.W.Va. 1992) (cited in Parker v. Magna Inntertech Spartanburg, Civil Action No. 6:09-773-HFF-WMC, 2009 WL 5178014 (D.S.C. 2009) (Floyd, J.)).

Based on the information provided to the court, it appears that Plaintiff attempted to serve Defendant after he was informed that his previous attempt to advise Defendant of his state court filing was insufficient to constitute service of process. However, he failed to properly serve Defendant when he sent a copy of the petition to the South Carolina Department of Insurance, and there is no information before this court that Plaintiff has made any attempt to remedy the deficiencies in his attempted service. Plaintiff does not expressly argue what good cause exists for his failure to timely serve Defendant. Based on the information provided to the court, the only excuse appears to be his *pro se* status. However, the Fourth Circuit has held that "[p]ro se status . . . is insufficient to establish good cause even where the pro se plaintiff mistakenly believes that service was made properly." Hansan v. Fairfax Cty. Sch. Bd., 405 F. App'x 793, 794 (4th Cir.

2010) (citing McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Jonas v. Citibank, 414 F. Supp. 2d 411, 416 (S.D.N.Y. 2006) (holding that a *pro se* plaintiff's mistaken belief that service was proper did not amount to good cause)). Without any showing of good cause, the court is bound by the Fourth Circuit's interpretation of Rule 4(m), which requires dismissal of Defendant without prejudice.

Accordingly, the court recommends dismissal without prejudice, pursuant to Federal Rule of Civil Procedure 4(m) and the above-discussed case law.

**2. Lack of Standing**

As a separate basis for dismissal, Defendant asserts that Plaintiff lacks standing in this matter because he is not a named insured. Having already found that dismissal is appropriate due to Plaintiff's failure to properly serve Defendant, the court need not address this separate reason for dismissal.

**C. Plaintiff's Motion for Joinder (ECF Nos. 21 & 36)**

Plaintiff has moved to join multiple parties to this action. The court construes these motions for joinder as motions to amend his complaint. For example, Plaintiff has moved to join Helaine Hayes, who is the named insured for the property at issue in this case. (ECF No. 21 at 1, 4.) Confusingly, in the same filing, Plaintiff "requests to be relieved of any need to join Helaine Hayes, as the two of us prefer the simplicity of only one of the owners, insureds, claimants putting forth the claims and matters of their concerns." (ECF No. 21 at 4.) In his later filings, Plaintiff notes that his motion to join Hayes as a party is still pending. (ECF No. 36 at 2.) Plaintiff also asks to join Chris Reilly, Antony Antellis, and Jeffrey Kull as defendants, all of whom are currently representing

*PJG*

Defendant as counsel in this action. (ECF No. 21 at 1-4.) Plaintiff has failed to file a proposed amended complaint identifying any specific claims against these proposed defendants.

The court notes that Plaintiff did not timely file his motion to join Hayes as a plaintiff and his motion to join additional defendants, but he did request that all of the deadlines set forth by the scheduling order be extended. (See ECF No. 21 at 4-5) ("Addison requests a new scheduling order be issues [*sic*] in which each deadline is expanded by not less than 12 to 15 days, it is extremely difficult to meet the deadlines as currently published."). Plaintiff must show good cause to extend the deadline to amend the pleadings. Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) ("[A]fter the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings."). Plaintiff's bare assertion that the deadlines set forth in the scheduling order are "extremely difficult to meet" does not demonstrate good cause. Accordingly, to the extent Plaintiff wishes to amend his pleadings to add Hayes as a plaintiff or to add additional defendants, the court denies Plaintiff's motion for an extension of time to file a proposed amended complaint without prejudice to refile if he can meet the requisite standard.

**D.      Remaining Motions**

Other than the motion to dismiss, there are a number of pending motions in this action, most of which should be deemed moot if the case is dismissed for failure to serve. The motions that should be deemed moot are as follows:

- Plaintiff's Motion to Amend/Correct (ECF No. 21) - to the extent Plaintiff seeks to amend the case caption to read "Petitioner" and "Respondent";

- Plaintiff's Motion to Remand (ECF No. 21);

- Plaintiff's Motion for Sanctions (ECF No. 21);

- Plaintiff's Motion for Judicial Notice of Proof of Loss (ECF No. 28);

- Plaintiff's Motion for Hearing, Motion to Strike Motion to Dismiss and Motion for Protective Order, Motion to Compel Discovery (ECF No. 36); and

- Defendant's Motion for Relief from Order to Mediate (ECF No. 44).

## RECOMMENDATION

The court recommends dismissing Defendant without prejudice. Should that recommendation be accepted, the following motions should be deemed moot: Plaintiff's Motion to Amend/Correct, as to the case caption (ECF No. 21); Plaintiff's Motion to Remand (ECF No. 21); Plaintiff's Motion for Sanctions (ECF No. 21); Plaintiff's Motion for Notice of Proof of Loss (ECF No. 28); Plaintiff's Motion for Hearing, Motion to Strike Motion to Dismiss and Motion for Protective Order, Motion to Compel Discovery (ECF No. 36); and Defendant's Motion for Relief from Order to Mediate (ECF No. 44).[5]

## ORDER

The court denies Plaintiff's motion for an extension of time to amend his pleadings.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 21, 2019
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[5] Should Plaintiff show good cause for his failure to timely serve the defendant, the time for service should be extended.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).