IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Michael Addison, ) | |
| ) | Civil Action No. 5:18-cv-03158-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Amica Mutual Insurance Company, ) | |
| ) | |
| Defendant. ) | |

This action arises from an insurance contract dispute between Plaintiff Michael Addison, proceeding *pro se*, and Defendant Amica Mutual Insurance Company.[1] Plaintiff filed a claim in state court seeking a "court appointed umpire" to resolve an "insurance claim appraisal." (ECF No. 1-1 at 1-2.) The matter before the court is a review of the Report and Recommendation ("Report") issued by the Magistrate Judge on May 21, 2019. (ECF No. 49.)

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 19, 2018, Plaintiff filed a state court action requesting that "the court make an appointment of a neutral Umpire, so we may bring the Appraisers for both the Insurance Carrier, and the Claimant together for the purposes of attempting to resolve the claim as the amount has not been agreed upon at this time." (ECF No. 1-1 at 1-2.)

On November 21, 2018, Defendant filed a Notice of Removal removing the matter to this court from the Orangeburg County Court of Common Pleas[2] (ECF No. 1) and a Motion to Dismiss for Failure to State a Claim pursuant to Rule 12(b)(1) (ECF No. 4).

On December 26, 2018, Plaintiff filed numerous motions, including a Motion for Joinder,

---

[1] The Complaint erroneously names Defendant "Amica Insurance Company." (ECF No. 49 at 1.)
[2] C/A No. 2018-CP-38-01357.

1

a Motion to Amend/Correct, a Motion for Sanctions, and a Motion to Remand. (ECF No. 21.)

On January 24, 2019, Plaintiff filed a Motion for "Judicial Notice of Proof of Loss & Proof of Loss Amendment No. 1" and a "Notice of Default of Requirement to Respond to Proof of Loss." (ECF No. 28.)

On February 19, 2019, Plaintiff filed another round of motions: a Motion for Hearing, a Motion to Strike, a Motion to Dismiss, a Motion for a Protective Order, a Motion to Compel Discovery, and a second Motion for Joinder. (ECF No. 36.)

On April 15, 2019, Defendant filed a Motion for Relief from Order to Mediate. (ECF No. 44.)

On May 21, 2019, the Magistrate Judge issued a Report recommending that the court grant Defendant's Motion to Dismiss due to Plaintiff's failure to effect service of process and deem moot the following motions:

(1) Plaintiff's Motion to Amend/Correct (ECF No. 21) ("to the extent Plaintiff seeks to amend the case caption to read 'Petitioner' and 'Respondent'");

(2) Plaintiff's Motion to Remand (ECF No. 21);

(3) Plaintiff's Motion for Sanctions (ECF No. 21);

(4) Plaintiff's Motion for Judicial Notice of Proof of Loss (ECF No. 28);

(5) Plaintiff's Motion for Hearing, Motion to Strike Defendant's Motion to Dismiss (ECF No. 4), Motion for Protective Order, Motion to Compel Discovery (ECF No. 36); and

(6) Defendant's Motion for Relief from Order to Mediate (ECF No. 44).

(ECF No. 49 at 1, 9-10.)

On June 10, 2019, Plaintiff filed objections to the Report (ECF No. 54), to which Defendant replied on June 24, 2019 (ECF No. 55).

2

## II. LEGAL STANDARD

A. <u>The Court's Review</u>

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *See also* Fed. R. Civ. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *See also Hardin v. United States*, C/A No. 7:12–cv–0118–GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a favorable manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997). Although *pro se* documents are liberally construed by federal courts, "[t]he 'special judicial solicitude' with

which a district court should view *pro se* complaints does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

B. <u>Subject Matter Jurisdiction</u>

Federal courts are courts of limited jurisdiction. A defendant is permitted to remove a case to federal court if the court would have had original jurisdiction over the matter. 28 U.S.C. § 1441(a). A federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a) (2012).

In cases in which the district court's jurisdiction is based on diversity of citizenship, the party invoking federal jurisdiction has the burden of proving the jurisdictional requirements for diversity jurisdiction. *See Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 298 (4th Cir. 2008) (holding that in removing case based on diversity jurisdiction, party invoking federal jurisdiction must allege diversity jurisdiction in notice of removal and, when challenged, demonstrate basis for jurisdiction).

In determining the amount in controversy for federal diversity jurisdiction, the court must examine the complaint at the time of removal. *Thompson v. Victoria Fire & Casualty Co.*, 32 F. Supp. 2d 847, 848 (D.S.C. 1999) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938)). Generally, "the sum claimed by a plaintiff in her complaint determines the jurisdictional amount, and a plaintiff may plead less than the jurisdictional amount to avoid federal jurisdiction." *Phillips v. Whirlpool Corp.*, 351 F. Supp. 2d 458, 461 (D.S.C. 2005) (citing, *e.g.*, *St. Paul Mercury Indem. Co.*, 303 U.S. at 294 ("If [the plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove.") ) (internal citations

omitted). However, where a complaint includes a request for non-monetary relief or a request for a money judgment in a state that permits recovery in excess of the amount demanded, the court can look to the notice of removal to determine the amount in controversy. 28 U.S.C. § 1446(c)(2)(A). If the court finds by a preponderance of the evidence that the amount in controversy exceeds the amount specified in section 1332(a), then removal is proper. 28 U.S.C. § 1446(c)(2)(B).

Additionally, section 1332 requires complete diversity between all parties. *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806). Complete diversity requires that "no party shares common citizenship with any party on the other side." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). Because federal courts are forums of limited jurisdiction, any doubt as to whether a case belongs in federal or state court should be resolved in favor of state court. *See Auto Ins. Agency, Inc. v. Interstate Agency, Inc.*, 525 F. Supp. 1104, 1106 (D.S.C. 1981) (citations omitted).

### III. ANALYSIS

A. <u>General Objection</u>

Plaintiff generally objects to the court's jurisdiction over this matter and contends that this action is an "administrative request" to the "lower court" to "perform a mandatory ministerial duty." The court finds that Plaintiff's claim does not substantiate remand to state court because the court has jurisdiction based on diversity. 28 U.S.C. § 1332(a) (2012).

Plaintiff is a citizen of South Carolina and that Defendant is incorporated in Rhode Island where it also has its principal place of business. (ECF No. 1 at 1 ¶¶ 3-4.) Further, Plaintiff claims that Hurricane Matthew caused severe damage to his property. (ECF No. 1-1 at 3.) The court observes that Plaintiff has not limited his damages. (ECF No. 1-1 at 3), and that Plaintiff has submitted documents alleging damages in excess of those required in Section 1332. (ECF No. 1 at

5

2.) Therefore, the court finds that Plaintiff's general objection is without merit.

B. <u>Specific Objection</u>

The Report recommends dismissal of this action because Plaintiff has failed to serve Defendant pursuant to Rule 12(b)(5) for insufficient service of process in state court and federal court. In his objection, Plaintiff asks the court to remand the matter, arguing that:

> S.C. Code 15-9-270 [(2019) ("Service on insurance companies")] does not mandate an administrative request to a court involving an insurance carrier be served on the SC Department of Insurance Director, hereinafter SCDOI. Cases that involve lawsuits 'must' (case law shows that must means may, briefing available upon request) be served on the SCDOI. The statement of service is permissive not mandatory. If every correspondence to an insurance carrier had to go through SCDOI, they would be swamp[ed] with unnecessary paperwork in violation of The Paperwork Reduction Act [of 1980, 44 U.S.C. § 3501].

(ECF No. 54 at 2.)

The court observes that the Federal Rules of Civil Procedure apply to a civil action upon removal from state court. Fed. R. Civ. P. 81(c)(1). "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice." Fed. R. Civ. P. 4(m).

It is generally recognized that the clock starts from the date of removal. *See Baumeister v. New Mexico Com'n for the Blind*, 409 F. Supp. 2d. 1351 (D.N.M. 2006). Here, the Notice of Removal date is November 21, 2018, which allowed Plaintiff until February 19, 2019, to effect service of process. The record shows that Plaintiff failed to serve Defendant in state court and federal court. *See* 28 U.S.C. § 1448 (explaining that process or service may be completed in the same manner in cases removed from state court).

Alternatively, the court must extend the deadline to effect service of process "if the plaintiff shows good cause for the failure." Fed. R. Civ. P. 4(m). But, "the complaint must be dismissed

absent a showing of good cause." *Id.*; *See e.g. Shao v. Link Cargo (Taiwan) Ltd.*, 968 F.2d 700, 708 (4th Cir. 1993). Plaintiff has not made any claims related to good cause and offered no evidence to demonstrate good cause for his failure to effect service. The court finds that Plaintiff's objection is a reassertion of the argument that his request for an "umpire" is not a lawsuit and does not fall within the jurisdiction of the district court because it is "an administrative action."

Accordingly, without proper service, the court has no personal jurisdiction over Defendant. *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984). Therefore, the court finds Plaintiff's objection is without merit.

## IV. CONCLUSION

For the reasons stated above, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 49), **GRANTS** Defendant's Motion to Dismiss (ECF No. 4), and deems **MOOT** the remaining motions: (1) Plaintiff's Motion to Amend/Correct (ECF No. 21) ("to the extent Plaintiff seeks to amend the case caption to read 'Petitioner' and 'Respondent'"); (2) Plaintiff's Motion to Remand (ECF No. 21); Plaintiff's Motion for Sanctions (ECF No. 21); (3) Plaintiff's Motion for Judicial Notice of Proof of Loss (ECF No. 28); (4) Plaintiff's Motion for Hearing, Motion to Strike Defendant's Motion to Dismiss (ECF No. 4); (5) Motion for Protective Order, Motion to Compel Discovery (ECF No. 36); (6) Plaintiff's Motions for Joinder (ECF Nos. 21, 36); and (7) Defendant's Motion for Relief from Order to Mediate (ECF No. 44).

**IT IS SO ORDERED.**

United States District Judge

August 29, 2019
Columbia, South Carolina