**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | | |
|---|---|---|
| Michael Addison, | ) | |
| | ) | Civil Action No. 5:18-cv-03158-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Amica Mutual Insurance Company, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

This matter is before the court on Plaintiff Michael Addison's ("Plaintiff") *pro se* Motion to Vacate (ECF No. 61) pursuant to Federal Rule of Civil Procedure 60. In his Motion, Plaintiff requests that the court reconsider its order dismissing this case without prejudice due to Plaintiff's failure to effect proper service. (*Id.* at 1.) For the reasons set forth below, the court **DENIES** Plaintiff's Motion to Vacate. (*Id.*)

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed a state court action against Defendant Amica Mutual Insurance Company ("Defendant") on October 19, 2018, requesting that the court appoint an umpire to resolve an insurance appraisal dispute. (ECF No. 1-1 at 1-2.) On November 21, 2018, Defendant filed a Notice of Removal (ECF No. 1) removing the matter from the Orangeburg County Court of Common Pleas[1] to this court and a Motion to Dismiss (ECF No. 4).

Plaintiff subsequently filed a number of motions. He filed a Motion for Joinder, a Motion to Amend, a Motion for Sanctions, and a Motion to Remand on December 26, 2018. (ECF No. 21.)

---

[1] C/A No. 2018-CP-38-01357.

1

On January 24, 2019, he filed a Motion for "Judicial Notice of Proof of Loss & Proof of Loss Amendment No. 1" and a "Notice of Defendant's Default of Requirement to Respond to Proof of Loss." (ECF No. 28.) He then filed a Motion for Hearing, a Motion to Strike, a Motion to Dismiss, a Motion for a Protective Order, a Motion to Compel Discovery, and a second Motion for Joinder on February 19, 2019. (ECF No. 36.)

On April 15, 2019, Defendant filed a Motion for Relief from Order to Mediate. (ECF No. 44.)

On May 21, 2019, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the court grant Defendant's Motion to Dismiss (ECF No. 4) due to Plaintiff's failure to effect service of process. The Magistrate Judge found that, although Plaintiff had emailed a copy of his state court filings to multiple people associated with Defendant, Plaintiff failed to properly serve Defendant under S.C. Code Ann. § 15-9-270 (2012). (ECF No. 49 at 2, 4-8.) Pursuant to § 15-9-270, the summons in an action against an insurance carrier must be served on the Director of the South Carolina Department of Insurance. The Magistrate Judge also recommended that the court deem moot the following motions:

1. Plaintiff's Motion to Amend/Correct (ECF No. 21) ("to the extent Plaintiff seeks to amend the case caption to read 'Petitioner' and 'Respondent'");
2. Plaintiff's Motion to Remand (ECF No. 21);
3. Plaintiff's Motion for Sanctions (ECF No. 21);
4. Plaintiff's Motion for Judicial Notice of Proof of Loss (ECF No. 28);
5. Plaintiff's Motion for Hearing, Motion to Strike Defendant's Motion to Dismiss, Motion for Protective Order, Motion to Compel Discovery (ECF No. 36); and
6. Defendant's Motion for Relief from Order to Mediate (ECF No. 44).

(ECF No. 49 at 1, 9-10.)

On June 10, 2019, Plaintiff filed objections to the Report (ECF No. 54), to which Defendant replied on June 24, 2019 (ECF No. 55).

On August 29, 2019, the court issued an order ("August Order") accepting the Magistrate Judge's Report (ECF No. 49), granting Defendant's Motion to Dismiss (ECF No. 4), and deeming moot the remaining motions in the case (ECF Nos. 21, 28, 36, 44). (ECF No. 58.)

On December 4, 2019, Plaintiff filed a Motion to Vacate the August Order pursuant to Rules 60(a), (b)(1), (b)(3), (b)(4), and (d)(3). (ECF Nos. 61, 65 at 1.) Defendant submitted a Response (ECF No. 63) on December 18, 2019 and a Supplement (ECF No. 68) on July 31, 2020. Plaintiff replied on January 2, 2020. (ECF No. 65.)

## II.     LEGAL STANDARD

The court is required to interpret *pro se* documents liberally and hold such documents to a less stringent standard than those drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When reviewing a *pro se* complaint, federal courts should carefully examine the plaintiff's factual allegations to determine whether they could provide a basis for relief. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, the "special judicial solitude" with which a district court should view *pro se* complaints "does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

Pursuant to Rule 60(a), the court may, upon motion or on its own, correct a clerical mistake or mistake arising from an oversight or omission whenever one is found in a judgment, order, or other part of the record. Fed. R. Civ. P. 60(a). Rule 60(a) may not be used in "instances where the court changes its mind, either because it made a legal or factual mistake in making its original determination." *Jeff Smith Enter., LLC v. BMK Eng'g, Inc.*, No. 1:16-cv-1564, 2019 WL 8012419,

3

at *1 (E.D.Va. Jan. 24, 2019) (citing *Braun v. Ultimate Jetcharters, LLC*, 828 F.3d 501, 515 (6th Cir. 2016)).

Rule 60(b) sets out six grounds for relief from final judgment: (1) mistake or excusable neglect; (2) newly discovered evidence; (3) fraud or misrepresentation; (4) void judgment; (5) satisfied judgment; or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b).  A motion under this rule must be made within a reasonable time, and relief under reasons (1), (2), and (3) is not available after one year from the entry of the judgment. Fed. R. Civ. P. 60(c)(1). The rule "does not authorize a motion merely for reconsideration of a legal issue." *United States v. Williams*, 674 F.2d 310, 312 (4th Cir. 1982). "Where the motion is nothing more than a request that the district court change its mind . . . it is not authorized by Rule 60(b)." *Id.* at 313. The remedy provided by Rule 60(b) is "extraordinary and is only to be invoked upon a showing of exceptional circumstances." *Compton v. Alton S.S. Co., Inc.*, 608 F.2d 96, 102 (4th Cir. 1979).

Rule 60(d)(3) permits a court to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). The rule should only be invoked when parties attempt "the more egregious forms of subversion of the legal process." *Fox v. Elk Run Coal Co., Inc.*, 739 F.3d 131, 136 (4th Cir. 2014). "Thus, not only must fraud on the court involve an intentional plot to deceive the judiciary, but it must also touch on the public interest in a way that fraud between individual parties generally does not." *Id.* As a result, fraud on the court presents a "high bar for any litigant." *Id.* at 136-37.

### III.     ANALYSIS

Plaintiff claims that the court should vacate the August Order because it failed to consider *White Oak Manor, Inc. v. Lexington Ins. Co.*, 753 S.E.2d 537 (S.C. 2014.) In *White Oak*, the South Carolina Supreme Court held that S.C. Code Ann. § 15-9-270 (2005) does not provide the exclusive means of service on an insurer and that insurance policy provisions creating alternative

4

methods of service are valid and binding on insurers. *Id.* at 539. Plaintiff maintains that under *White Oak*, he was not required to serve the Director of the South Carolina Department of Insurance in order to effect service of process because the policy's "Appraisal" clause ("Appraisal Clause") contains an "alternative method" of service. (ECF No. 61 at 1.) The Appraisal Clause provides that if the appraisers selected by the insured and insurer cannot agree upon an umpire within 15 days, the insured and the insurer "may request that the choice be made by a judge of a court of record in the state where the residence premises is located." (ECF No. 4-2 at 27.) Plaintiff claims that this provision "allows a mere petition asking the court to perform a ministerial, or administrative duty by appointing an Umpire, without any need for a suit, nor service." (ECF No. 61 at 2.) Therefore, he maintains that Defendant "waived requirement for suit" and "waived requirement for highly technical service such as service via the Department of Insurance, or even service in compliance with technical requirements of statute[.]" (*Id.*)

Plaintiff claims that he is entitled to relief from judgment under Rules 60(a), (b)(1), (b)(3), (b)(4), and (d)(3). (ECF No. 65 at 1.) The court observes that Plaintiff's Motion is timely because his Motion was filed less than four months after entry of the court's August Order. (*See* ECF Nos. 58, 61.)

    A.  Rule 60(a)

The Fourth Circuit has recognized that Rule 60(a) is properly utilized to perform a completely ministerial task, such as making a judgment more specific in the face of an original omission, but not to revisit the merits of the question or reconsider the matter. *Kosnoski v. Howley*, 33 F.3d 376, 379 (4th Cir. 1994). Here, Plaintiff asks the court to reconsider the August Order based on *White Oak*. (ECF No. 61 at.) Since Rule 60(a) does not permit a court to revisit the merits of a judgment, Rule 60(a) does not provide Plaintiff with a ground for relief.

B. Rule 60(b)(1)

Rule 60(b)(1) allows a court to provide relief from judgment on the basis of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Rule 60(b)(1) motions asserting legal mistake as a ground for relief must be filed before the time to appeal has elapsed. *Johnson v. Kelly*, Nos. 3:10CV086, 3:07CV731, 2010 WL 1172646, at *1 (E.D.Va. Mar. 23, 2010); *cf. In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) ("A Rule 60(b) motion may not substitute for a timely appeal."). The rule is not intended to protect parties from "the undesirable results that flow from a poorly chosen litigation strategy." *Am. Lifeguard Ass'n, Inc. v. Am. Red Cross*, No. 92–2460, 1994 WL 144321, at *7 (4th Cir. Apr. 22, 1994).

Construing Plaintiff's motion in the most favorable light, it appears to claim that the court made a mistake of law by failing to consider *White Oak*. However, Plaintiff failed to file his Motion before the time to appeal elapsed. Plaintiff had thirty days after the entry of the judgment to appeal under Federal Rule of Civil Procedure 4 but filed this Motion almost four months after the court entered its August Order. (ECF No. 61.) Therefore, Rule 60(b)(1) does not apply.

C. Rule 60(b)(3)

Rule 60(b)(3) permits a court to grant relief from judgment for "fraud . . . misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). The moving party must: (1) have a meritorious defense; (2) prove misconduct by clear and convincing evidence; and (3) show that the misconduct prevented the moving party from fully presenting his or her case. *Schultz v. Butcher*, 24 F.3d 626, 630 (4th Cir. 1994).

Plaintiff claims that "the Court has relied exclusively on its relationship with its attorney counselors to provide it up to date guidance in this matter. The Court's counselors have failed to properly guide it with current precedence [sic]. This is tantamount to a fraud upon the court[.]"

6

(ECF No. 65 at 2 n.2.) Specifically, he maintains that Defense Counsel "attempted to misrepresent the meaning and intent of the policy by stating that Amica only wanted to be guided by SC Code of Law 15-9-270, but fails to apply the policy provision that allows for the request of the appointment of an umpire[.]" (*Id.* at 3.)

Plaintiff fails to coherently explain how Defendant's alleged misconduct impacted the court's resolution of his claims. Plaintiff does not prove by clear and convincing evidence that Defense Counsel's misconduct prevented him from fully presenting his case. At most, he suggests that Defense Counsel made an argument based on policy interpretation and failed to direct the court's attention to *White Oak*. Such allegations do not support a finding of fraud. South Carolina Rule of Professional Conduct 3.3 only requires the disclosure of "legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel." S.C. Rules of Prof'l Conduct r. 3.3 (2015). Thus, Defense Counsel was only required to disclose known adverse authorities to the court. Defense Counsel was not expected to disclose every relevant case. As a result, Plaintiff's claims of fraud are insufficient to merit relief from judgment under Rule 60(b)(3).

D.  Rule 60(b)(4)

Rule 60(b)(4) authorizes relief from void judgments. A judgment is not "void" under Rule 60(b)(4) merely because it is erroneous. *Cromer v. Kraft Foods North America, Inc.*, 390 F.3d 812, 817 (4th Cir. 2004). "It is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Schwartz v. United States*, 976 F.2d 213, 217 (4th Cir. 1992).

Here, it is clear that the August Order is not void. The court explained in its August Order that it had subject matter jurisdiction over the case under 28 U.S.C. § 1332(a). (ECF No. 58 at 5.)

Since Plaintiff is a citizen of South Carolina, Defendant is a citizen of Rhode Island, and Plaintiff did not limit his damages, diversity jurisdiction was established. (*Id.*) The court also refused to address the merits of the case once it discovered that it did not have personal jurisdiction over the Defendant. (*Id.* at 7.) Consequently, Rule 60(b)(4) does not provide Plaintiff with a ground for relief from judgment.

E.  Rule 60(d)(3)

Rule 60(d)(3) requires that a litigant show more than "garden-variety" fraud by the opposing party. *Fox*, 739 F.3d at 135. Examples include "bribery of a judge or juror, or improper influence exerted on the court by an attorney, in which the integrity of the court and its ability to function impartially is directly impinged." *Great Coastal Express Inc. v. Int'l Bhd. Teamsters*, 675 F.2d 1349, 1356 (4th Cir. 1982).

Plaintiff fails to meet Rule 60(d)(3)'s "high bar[.]" *Fox*, 739 F.3d at 136-37. He has not alleged any facts suggesting that Defendant deliberately planned to defraud the judiciary or that the court's integrity was compromised. As discussed *supra* in Section III.C., Plaintiff's assertions at most suggest that Defense Counsel made an argument of policy interpretation and did not cite *White Oak* in its submissions to the court.

IV.  CONCLUSION

For the foregoing reasons, the court **DENIES** Plaintiff's Motion to Vacate. (ECF No. 61.)

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 4, 2020
Columbia, South Carolina